J-S23020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FREDDIE MOULTRIE | : | |
| | : | |
| Appellant | : | No. 527 EDA 2017 |

Appeal from the PCRA Order January 4, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0300071-2002,
CP-51-CR-0300081-2002

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 27, 2018**

Freddie Moultrie ("Appellant") appeals from the January 4, 2017 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant's PCRA counsel has filed a petition to withdraw.  After careful review, we grant counsel's petition to withdraw and affirm the order of the PCRA court.

The PCRA court set forth the following factual and procedural history:

> [Appellant] pled guilty to two counts of robbery, two counts of possessing instruments of crime, and one count of conspiracy before the Honorable Carolyn Engel Temin on September 26, 2002.[1]  Appellant was sentenced to a term of eight (8) to twenty (20) years' of incarceration.
>
> [1] 18 Pa.C.S.A. §§ 3701, 907, and 903, respectively.
>
> Appellant filed a timely direct appeal on October 23, 2002. This appeal was dismissed on April 9, 2003, for failure to file a brief.  3248 EDA 2002.   Appellant subsequently received

_____

* Former Justice specially assigned to the Superior Court.

permission to file an appeal *nunc pro tunc*, and the judgment of sentence was affirmed by the Superior Court of Pennsylvania on March 23, 2006.[2]  Appellant did not seek relief with the Pennsylvania Supreme Court and consequently the judgment of sentence became final on April 22, 2006.

> [2] ***Commonwealth v. Moultrie***, No. 677 EDA 2005
> Slip Opinion at 6 (Pa. Super. March 23, 2006).

Appellant filed a "petition for writ of *habeas corpus*" relief on April 24, 2013.[3]  On September 23, 2013, Appellant's PCRA counsel filed a *Finley*[4] letter and requested leave to withdraw from the case.  Counsel's letter indicated that petitioner's claim was jurisdictionally time-barred and no exception applied.  For this reason, and after a careful and independent review of the entire record, the petition was formally dismissed on December 16, 2013.  Appellant appealed, and the Superior Court affirmed this court's dismissal on November 18, 2014.  176 EDA 2014.

> [3] ***See Commonwealth v. Chester***, 557 Pa. 358, 733
> A.2d 1242 (1999) ("Unless the PCRA could not
> provide for a potential remedy, the PCRA statute
> subsumes the writ of *habeas corpus*")

> [4] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.
> Super. 1988).

Appellant filed a second petition *pro se* on July 13, 2015. After a careful and independent review of the entire record, this court did not discern the existence of any exception to the timely requirement under the PCRA.  As such, Appellant was given notice on December 22, 2015 of this court's intention to dismiss the petition pursuant to Pa.R.Crim.P. 907.  This court filed an opinion and order dismissing the petition with the Superior Court of Pennsylvania on January 21, 2016.  Appellant filed [a subsequent] petition on September 28, 2016, [followed by a motion to amend the petition on November 28, 2016].  Notice was given on December 7, 2016 of this court's intention to dismiss the petition pursuant to Pa.R.Crim.P. 907.  As such, Appellant's []a PCRA petition was dismissed by order of this court on January 4, 2017.

Appellant then filed a timely *pro se* notice of appeal from this court's order dismissing his petition on January 30, 2017. Appellate counsel was appointed on March 8, 2017.  This court

ordered a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) on March 8, 2017. A statement of intent to file an *Anders/McClendon*[5] brief was filed on March 28, 2017. In that statement, appellate counsel avers he has reviewed the entire record and determined there are no meritorious, non-frivolous issues to raise on appeal.

> [5] *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

PCRA Court Opinion, 6/29/17, at 1-3.

Counsel for Appellant filed an *Anders* brief on November 27, 2017.[1] Because a petition to withdraw from a PCRA proceeding requires a *Turner/Finley* letter and analysis, we will proceed with our analysis pursuant to that precedent.

> Prior to reviewing the merits of this appeal, we first decide whether counsel has fulfilled the procedural requirements for withdrawing as counsel. *Commonwealth v. Daniels*, 947 A.2d 795, 797 (Pa.Super.2008). As we have explained:
>
>> Counsel petitioning to withdraw from PCRA representation must proceed ... under [*Turner, supra* and *Finley, supra* and] ... must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

---

[1] Counsel for Appellant filed an *Anders* brief, although a *Turner/Finley* letter is the appropriate filing. *See Commonwealth v. Turner*, 544 A2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). "Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter." *Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012).

In the instant case, counsel has complied with the requirements for withdrawal from a collateral appeal. Counsel filed a brief with this Court, delineating the arguments Appellant sought to have reviewed and explained why those issues did not have merit. ***Anders*** Brief, 11/27/17. Moreover, counsel averred that he sent Appellant a copy of his ***Anders*** brief and sent Appellant a letter advising him of his rights to proceed with new counsel or *pro se*. Petition for Leave to Withdraw as Counsel, 11/27/17, exhibit A. Thus, we will allow counsel to withdraw if we conclude that the issues raised on appeal lack merit. We now turn to the issues presented by Appellant for our review:

> Did the PCRA Court err when it construed [Appellant's] *pro se* filing styled "Petition for a Writ of *Habeas Corpus*" as a petition seeking relief under the PCRA?
>
> Did the PCRA Court err when it dismissed [Appellant's] PCRA petition without a hearing as untimely filed?
>
> Did the PCRA Court err when it did not grant relief under the PCRA where [Appellant] is subject to a probationary sentence greater than the lawful maximum on the charge of possessing an instrument of crime?
>
> Is [Appellant's] PCRA petition timely filed due to the fact that the PCRA court and District Attorney's Office willfully destroyed the guilty plea colloquy transcripts?

*Anders* Brief at 5 (reordered for clarity).

We first address Appellant's claim that his Petition for a Writ of *Habeas Corpus* was improperly construed as a PCRA petition. Preliminarily, we note that it appears Appellant is referring to his second PCRA petition. That petition was filed *pro se* in July of 2015, and styled as a "Writ of *Habeas Corpus*." That petition, which the PCRA court construed as a PCRA petition, was dismissed on January 21, 2016. Appellant failed to appeal from the dismissal of that petition. To the extent Appellant is appealing an issue relating to his July 2015 PCRA Petition, that appeal is patently untimely. **See** Pa.R.A.P. 903(a) (requiring that a notice of appeal shall be filed with thirty days after the entry of the order from which the appeal is taken). Indeed, "[t]he question of timeliness of an appeal is jurisdictional." *Commonwealth v. Moir*, 766 A.2d 1253, 1524 (Pa. Super. 2000). "In Order to preserve the right to appeal a final order of the [PCRA] court, a notice of appeal must be filed within thirty days of the entry of that order." *Id*. Appellant failed to file a timely notice; thus, we are without jurisdiction to entertain his argument that the PCRA court erred when it construed his July 2015 petition as a PCRA petition

We now turn to Appellant's arguments that the PCRA court erred when it dismissed his claims under the PCRA.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. *Id.* We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal

error. *Id.* This Court may affirm a PCRA court's decision on any grounds if the record supports it. *Id.* Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions. *Commonwealth v. Paddy*, 609 Pa. 272, 15 A.3d 431, 442 (2011); *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119, 1124 (2007). Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. *Commonwealth v. Colavita*, 606 Pa. 1, 993 A.2d 874, 886 (2010).

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order for a court to adjudicate a PCRA petition, the petitioner must comply with the PCRA timeliness requirements. *Commonwealth v. Jackson*, 30 A.3d 516, 518 (Pa. Super. 2011). The time for filing is set forth in 42 Pa.C.S §9545(b), which provides:

**b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b).

"[T]he time limitations pursuant to ... the PCRA are jurisdictional." ***Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214, 222 (1999). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." ***Id***. "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa.Super.2008).

***Commonwealth v. Jackson***, 30 A.3d at 519. Moreover, any claims invoking an exception listed above must be made within sixty days of the date the claim could have first been presented. 42 Pa.C.S. § 9545(b)(2). Finally, we note that it is the petitioner's burden to allege and prove that one of the exceptions exists. ***Commonwealth v. Whitehawk***, 143 A.3d 266, 269–270 (Pa. Super. 2016).

Appellant's judgment of sentence became final on April 22, 2006, when the time for filing a direct appeal to our Supreme Court expired. PCRA Court Opinion, 6/29/17, at 1; 42 Pa.C.S. § 9545(b). Thus, in order for Appellant's PCRA petition to be timely, it must have been filed by April 22, 2007. Appellant's current PCRA petition is beyond the one-year limitation; thus, this Court is without jurisdiction to consider the merits of Appellant's petition unless it falls into one of the exceptions enumerated in 42 Pa.C.S. § 9545(b).

In his September 28, 2016 PCRA petition, Appellant asserts that his sentence is illegal and unconstitutional pursuant to **Alleyne** 570 U.S. 99 (2013)[2] and **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015).[3] Appellant further alleges that the **Alleyne** and **Hopkins** decisions constitute newly discovered facts, satisfying the timeliness exception found in 42 Pa.C.S. § 8545(b)(ii). Appellant's PCRA Petition, 9/28/16, at unnumbered 1–3. In his "Motion for Leave to Amend Petition for Post Conviction Relief and Amend PCRA Petition," filed on November 28, 2016, Appellant argues similarly and alleges that **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*),[4] filed on August 20, 2014 satisfied the newly discovered facts exception as well as the constitutional right exception set forth in 42 Pa.C.S. § 9545(b)(iii).

Appellant's arguments fail on several grounds. First, our Supreme Court has held "that subsequent decisional law does not amount to a new fact under section 9545(b)(1)(ii) of the PCRA." **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011). Further, "a PCRA petition invoking one of these exceptions

_____

[2] In **Alleyne**, the Supreme Court of the United States found that any fact that increases the sentence for a given crime must be submitted to the jury.

[3] In **Hopkins**, the Supreme Court of Pennsylvania found that under **Alleyne**, the mandatory minimum sentencing scheme in 18 Pa.C.S. § 6317, relating to drug-free school zones, ran afoul of **Alleyne** and found the statute to be unconstitutional.

[4] In **Newman**, the Superior Court, *en banc*, found that **Alleyne** applied retroactively to cases on direct appeal when **Alleyne** as issued.

must be filed within [sixty] days of the date the claims could have been presented." ***Commonwealth v. Brandon***, 51 A.3d 231, 233–234 (Pa. Super. 2012). In the instant case, ***Alleyne*** was filed on June 17, 2013 and ***Hopkins*** was filed on June 15, 2015; Appellant's invocation of those cases in his September 2016 PCRA petition is well beyond the sixty-day period. Similarly, ***Commonwealth v. Newman***, invoked in Appellant's November 28, 2016 amended petition, was filed on August 20, 2014, again well beyond the sixty-day allotted period. To the extent that Appellant argues that his sentence was illegal and the issue of illegality of sentence cannot be waived, ***Anders*** Brief at 51, it is well settled that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007). Appellant's PCRA petition is untimely, and he has failed to prove any exception applies.

Finally, Appellant argues that his petition is timely because the PCRA court and district attorney's office willfully destroyed his guilty plea colloquy transcripts. ***Anders*** Brief at 53. Specifically, Appellant argues that the alleged destruction of the transcripts constitutes governmental interference pursuant to 42 Pa.C.S. § 9545(b)(1)(i). ***Id***. Appellant's claim fails on several grounds. First, even assuming the guilty-plea-colloquy transcripts had been "willfully destroyed," Appellant cannot prove that he invoked this exception within sixty days of becoming aware of the alleged interference. Second,

Appellant failed to raise this exception in his PCRA petition; "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." ***Commonwealth v. Burton***, 936 A.2d 521 (Pa. Super. 2007). Finally, Appellant's PCRA counsel averred that the colloquy and transcripts have not, in fact, been destroyed but are located in a file maintained by the Clerk of Courts for the Criminal Division of the Philadelphia Court of Common Please. ***Anders*** Brief at 53.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the issues presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). In addition, having determined that Appellant is not entitled to PCRA relief, we allow counsel to withdraw.

Petition to withdraw as counsel granted. Order affirmed.

Judge Nichols did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/18